RECEIVED
IN LAKE CHARLES
MAR 13 2014
TONY R. MOORE, CLERK
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| RANDEL DOUGET & CHARLENE DOUGET | * | CIVIL ACTION NO. 2:13-CV-973 |
| Plaintiffs | * | |
| V. | * | JUDGE MINALDI |
| VCPHCS VI, L.L.C. d/b/a LAKE CHARLES SUBSTANCE ABUSE CLINIC & EDWARD NOVUS WILSON | * | |
| Defendants | * | MAGISTRATE JUDGE KAY |

*************************************************************************

## MEMORANDUM RULING

Before the court is the Motion to Object and/or Appeal the Magistrate's Order [Doc. 14], filed by VCPHCS VI, L.L.C., d/b/a Lake Charles Substance Abuse Clinic (defendant), to which the plaintiffs have filed an Opposition [Doc. 16]. For the reasons below, as well as the reasons contained in the Memorandum Order [Doc. 12] of the Magistrate Judge, the Motion [Doc. 14] be and hereby is **DENIED**, and the above captioned matter is hereby **REMANDED** to the Fourteenth Judicial District Court in and for Calcasieu Parish, Louisiana.

### FACTS AND PROCEDURAL HISTORY

The plaintiffs filed suit against the defendant and Edward Wilson on April 1, 2013, in the Fourteenth Judicial District Court for Calcasieu Parish, alleging that their son, Dustin, was killed as a result of the defendant's improper prescription of methadone in combination with benzodiazepines.[1] The plaintiffs allege that this was the direct result of the defendant's negligent failure to ascertain what prescription medication Dustin was already taking.[2]

---

[1] *See generally* Pet. [Doc. 1-1].
[2] *Id.*

1

The defendant removed the case to federal court on May 13, 2013, pursuant to 28 U.S.C. §§ 1441 and 1446,[3] invoking this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.[4] In so doing, the defendant argued that the non-diverse defendant, Edward Wilson, was improperly joined, and, as such, should not be considered for diversity purposes.[5]

The plaintiffs filed a Motion to Remand [Doc. 8], which was granted by the Magistrate Judge.[6] The Magistrate Judge found, the citizenship of Mr. Wilson notwithstanding, that the defendant had not satisfied the procedural requirements for removal in that the defendant had not sufficiently set forth its citizenship.[7] The defendant, a limited liability company, stated that its sole member is VCPHCS, L.P., a "Delaware limited partnership with its principal place of business in Dallas, Texas.[8] The defendant has further stated that

> [t]he [defendant] has complied with Fifth Circuit requirements and proved that "its sole member" is a Delaware limited partnership with its principal place of business in Dallas, Texas. Out of an abundance of caution, the Clinic notes that VCPHCS, L.P., has two partners. The sole general partner is BHGL GP, L.L.C., and the sole limited partner is BHG Holdings, L.L.C. Both were formed in Delaware and their principal business offices are in Dallas, Texas.[9]

The Magistrate Judge held that the defendant's notice failed to provide a "short and plain statement" alleging the defendant's citizenship such that removal would be appropriate under 28 U.S.C. § 1446(a).[10] This was because the "citizenship of an unincorporated association is determined by looking to the citizenship of each member of that association."[11] As the defendant had failed to properly set forth the citizenship of BHGL GP, L.L.C., and BHG Holdings, L.L.C.,

---

[3] Not. of Removal [Doc. 1], at 1.
[4] *Id.* at ¶ 6.
[5] *Id.*
[6] Memo. Order [Doc. 12], at 5-6.
[7] *Id.* at 3 (*citing* 28 U.S.C. § 1446(a)).
[8] Memo. in Opp. [Doc. 10], at 7.
[9] *Id.* at 8.
[10] Memo. Order [Doc. 12], at 4.
[11] *Id.* (*citing Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990)).

the Magistrate Judge held that this constituted a procedural defect to removal that would justify remand, regardless of the status of the defendant, Mr. Wilson.[12]

## LAW & ANALYSIS

The United States Code empowers Magistrate Judges to "hear and determine" nondispositive pretrial motions. 28 U.S.C. § 636(b)(1)(A). Aggrieved parties retain the right to appeal such rulings to the District Judge. *Id.; see also* FED. R. CIV. P. 72(a). The District Judge may reverse the ruling of the Magistrate Judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Guthrie v. Plains Res., Inc.*, No. 2:12-cv-1904, 2013 U.S. Dist. LEXIS 16294, at *7 (W.D. La. Feb. 5, 2013) (citations omitted). A finding is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been made." *Rafinasi v. Coastal Cargo Co.*, No. 12-30668, 2014 U.S. App. LEXIS 3023, at *7 (5th Cir. 2014) (*citing Manderson v. Chet Morrison Contractors, Inc.*, 666 F.3d 373, 376 (5th Cir. 2012)).

With regard to the "time-of-filing rule," which states that "[i]t has long been the case that 'the jurisdiction of the Court depends upon the state of things at the time of the action brought,'" the Supreme Court of the United States has stated that this rule is "hornbook law (quite literally) taught to first-year law students in any basic course on federal civil procedure." *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004) (*citing* 13B C. WRIGHT, A. MILLER, & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3608, p. 452 (1984) (additional citations omitted)). The court notes this only to point out that the rule at issue herein—the determination of the citizenship of an L.L.C. for diversity purposes—is equally fundamental, and equally well-settled. *See, e.g., Mumfrey-Martin v. Stolthaven New Orleans, L.L.C.*, No. 12-2539, 2013 U.S. Dist. LEXIS 129790, at *10 (E.D. La. Sept. 10, 2013) (describing the rule for determining the

---

[12] *Id.* at 5-6.

citizenship of an L.L.C. as "well settled"); *Std. Aero [San Antonio], Inc. v. Kelly Aviation Ctr., L.P.*, No. SA-05-CA-1139-RF, 2006 U.S. Dist. LEXIS 8044, at *10 (W.D. Tex. Jan. 23, 2006) (citations omitted) (stating that "the leading treatises on the subject agree that an LLC is treated as a citizen of each state in which its members are citizens"); *Garrard v. Pirelli Tire, L.L.C.*, No. 3:11-cv-824, 2011 U.S. Dist. LEXIS 140528, at *2 (S.D. Ill. Dec. 7, 2011) (*citing Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003)) (stating that "[i]t is well settled that limited liability companies are citizens of every state of which any member is a citizen").

The Magistrate Judge's opinion noted that the defendant "failed to cure the deficiency either in response to the motion [to remand] or by seeking leave to amend the notice of removal."[13] Nevertheless, the defendant has made no attempt to supplement the record in submitting additional information setting forth the citizenship of BHGL GP, L.L.C., or BHG Holdings, L.L.C.

The defendant correctly asserts that, as an L.L.C., its citizenship is determined by the citizenship of all of its members,[14] thus demonstrating the defendant's familiarity with the applicable rule. The defendant further asserts that it has one member, VCPHCS, L.P., a limited partnership in which BHG Holdings, L.L.C. is one of the partners.[15] Thus, applying the aforementioned principle, it is necessary to ascertain the citizenship of the *members* of BHG Holdings, L.L.C., in order to ascertain the citizenship of B.H.G. Holdings, L.L.C., itself, thereby determining the citizenship of VCPHCS, L.P., and thus the citizenship of the defendant. However, inexplicably, in the same paragraph, the defendant asserts that BHG Holdings, L.L.C., was "formed in Delaware" and notes that its "principal business offices are in Dallas, Texas," as

---

[13] Memo. Order [Doc. 12], at 5.
[14] Memo. in Supp. [Doc. 14-1], at 2.
[15] *Id.*

4

if for some unknown reason the rules for determining the citizenship for diversity purposes differ from one L.L.C. to another.[16] It was this assertion in particular that compelled the court to expand on the prior opinion of the Magistrate Judge, because the defendant's counsel's analysis in this regard is, at best, clumsy, and, at worst, disingenuous, and deliberate in the wasting of the time of the court and the parties.

The defendant's counsel also suggests that "it will be an expensive and time consuming process to trace the different layers" of its client in order to ascertain the defendant's true citizenship.[17] However, "[t]he fact that a partner or member is structurally or geographically far-removed, or the partnership or membership consists of several or thousands of partners/members, has not persuaded the courts in this circuit to apply a different rule for multi-tiered business entities." *Ascension Parish Sales & Use Tax Auth. v. Turner Bros. Crane & Rigging, L.L.C.*, No. 10-248-BAJ-SCR, 2011 U.S. Dist. LEXIS 53293, at *10 (M.D. La. Apr. 29, 2011) (citations omitted).[18]

The Magistrate Judge's findings of fact and conclusions of law are entirely accurate, and the court does not find that the prior remand order is either clearly erroneous or contrary to law.

---

[16] *See id.*

[17] Memo. in Supp. [Doc. 14-1], at 3.

[18] *See also Quantlab Fin., L.L.C. v. Tower Research Capital, L.L.C.*, 715 F. Supp. 2d 542, 546-47 (S.D.N.Y. 2010) (providing a sound example of the analysis required in the jurisdictional assessment of the citizenship of a multi-tiered L.L.C.:
> QLF is a limited liability company whose membership consists of several layers of unincorporated artificial associations. It is an "oft-repeated rule that diversity jurisdiction in a suit by or against [an artificial] entity depends on the citizenship of 'all the members'" of the entity. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (quoting *Chapman v. Barney*, 129 U.S. 677, 682 (1889)). QLF's citizenship depends on the citizenship of its sole member, Quantlab Holdings, LLC, and, in turn, on the citizenship of Quantlab Holdings, LLC's members, including Quantlab Group, LP. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000) (" [F]or purposes of diversity jurisdiction, a limited liability company has the citizenship of its membership."). The citizenship of Quantlab Group, LP, a limited partnership, depends on the citizenship of all its general and limited partners. *See id.* at 52("[L]imited partnerships have the citizenship of each of its general and limited partners." (citing *Carden*, 494 U.S. at 195-96)). Quantlab Group, LP's general partner is Quantlab Group GP, LLC, whose two members are Marco, LP ("Marco") and AVG Holdings, LP ("AVG"), both limited partnerships. Marco's general partner is Marco GP, LLC, whose sole member is South Ocean Trust. AVG's general partner is AVG Holdings GP, LLC, whose sole member is The Aragorn Trust. The South Ocean and Aragorn trusts share the same trustee, The South Dakota Trust Company, LLC ("SDTC") . . . ).

The court hereby adopts the Memorandum Order [Doc. 12] of the Magistrate Judge, as augmented herein. Accordingly,

**IT IS ORDERED** that the Motion to Object and/or Appeal the Magistrate's Order [Doc. 14] be and hereby is **DENIED**, and the above captioned matter is hereby **REMANDED** to the Fourteenth Judicial District Court for the Parish of Calcasieu.

Lake Charles, Louisiana, this 5 day of March, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE